UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI L. BRIGGS, | No. 2:21-cv-1127-EFB P |
| Plaintiff, | |
| v. | ORDER |
| U.S. D.O.J., et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), she filed an application to proceed in forma pauperis (ECF Nos. 2, 7). The court grants her application and screens the complaint.

### Application to Proceed in Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

### Screening Order

The gist of plaintiff's complaint is that the Department of Justice, the California Department of Corrections and Rehabilitation, and the Sacramento Sheriff's Department unlawfully deprived her of $245 by falsely charging her with larceny. ECF No. 1 at 1, 5. She stresses that she is "NOT INCOMPETENT," and states that her "18 yr old son[']s cells ++ have been cloned for ungodly reasons – we are in danger and all my family has just been killed." *Id.* at 5. As discussed below, there are a lot of problems with the complaint.

Plaintiff invokes the False Claims Act, which creates a cause of action for the United States to recover economic losses incurred from fraudulent claims for payment. 31 U.S.C § 3729. Under the statute's "qui tam" provision, private whistleblowers who have evidence of fraud, may assert the government's claim on its behalf. *Id.* § 3730(b). It is not clear from plaintiff's complaint who allegedly made a fraudulent claim for payment. Nor do plaintiff's allegations appear to have any relevance to the False Claims Act. It seems instead that plaintiff wants to challenge her arrest and/or conviction for larceny.

If plaintiff is currently confined to county jail because of her arrest, her claim is likely barred by *Heck v. Humphrey*, 512 U.S. 477, (1994). *Heck* holds that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

Moreover, a pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). Rule 8(a)(3) requires a complaint to contain a demand for judgment for the relief sought.

3

1  Plaintiff's complaint does not include a request for relief, such as monetary damages or specific
2  injunctive relief.
3        Finally, many of plaintiff's allegations are irrational and her claims are quite possibly
4  frivolous. A claim is frivolous "when the facts alleged arise to the level of the irrational or the
5  wholly incredible, whether or not there are judicially noticeable facts available to contradict
6  them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319,
7  325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces
8  not only the inarguable legal conclusion, but also the fanciful factual allegation."). Whatever the
9  nature of the claim plaintiff is attempting to assert it appears to be predicated on factual
10 allegations that are fanciful and irrational. However, in an abundance of caution, plaintiff will be
11 given the opportunity to amend her complaint to cure the deficiencies identified herein.

<u>Leave to Amend</u>

13       Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an
14 amended complaint it should observe the following:
15       Any amended complaint must identify as a defendant only persons who personally
16 participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*
17 *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
18 constitutional right if he does an act, participates in another's act or omits to perform an act he is
19 legally required to do that causes the alleged deprivation). The complaint should also describe,
20 in sufficient detail, how each defendant personally violated or participated in the violation of his
21 rights. The court will not infer the existence of allegations that have not been explicitly set forth
22 in the amended complaint.
23       The amended complaint must contain a caption including the names of all defendants.
24 Fed. R. Civ. P. 10(a).
25       Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See
26 *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).
27       Any amended complaint must be written or typed so that it so that it is complete in itself
28 without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

<u>Conclusion</u>

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 2, 7) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and
4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: September 9, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE