UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI L. BRIGGS, | No. 2:21-cv-1127-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| U.S. D.O.J., et al., | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After a dismissal by the court, plaintiff has filed an amended complaint, which the court must screen.[1] ECF Nos. 11 & 13.

The court analyzed plaintiff's original complaint pursuant to § 1915A as follows:

> The gist of plaintiff's complaint is that the Department of Justice, the California Department of Corrections and Rehabilitation, and the Sacramento Sheriff's Department unlawfully deprived her of $245 by falsely charging her with larceny. ECF No. 1 at 1, 5. She stresses that she is "NOT INCOMPETENT," and states that her "18 yr old son[']s cells ++ have been cloned for ungodly reasons – we are in danger and all my family has just been killed." *Id.* at 5. As discussed below, there are a lot of problems with the complaint.

---

[1] Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

   Plaintiff invokes the False Claims Act, which creates a cause of action for the United States to recover economic losses incurred from fraudulent claims for payment.  31 U.S.C § 3729.  Under the statute's "qui tam" provision, private whistleblowers who have evidence of fraud, may assert the government's claim on its behalf.  *Id.* § 3730(b).  It is not clear from plaintiff's complaint who allegedly made a fraudulent claim for payment.  Nor do plaintiff's allegations appear to have any relevance to the False Claims Act.  It seems instead that plaintiff wants to challenge her arrest and/or conviction for larceny.

   If plaintiff is currently confined to county jail because of her arrest, her claim is likely barred by *Heck v. Humphrey*, 512 U.S. 477, (1994).  *Heck* holds that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus.  *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

   Moreover, a pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  Rule 8(a)(3) requires a complaint to contain a demand for judgment for the relief sought.  Plaintiff's complaint does not include a request for relief, such as monetary damages or specific injunctive relief.

   Finally, many of plaintiff's allegations are irrational and her claims are quite possibly frivolous.  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").  Whatever the nature of the claim plaintiff is attempting to assert it appears to be predicated on factual allegations that are fanciful and irrational.  However, in an abundance of caution, plaintiff will be given the opportunity to amend her complaint to cure the deficiencies identified herein.

ECF No. 11 at 2-6.

  Although the amended complaint now includes a request for relief ($500,000, *see* ECF No. 13 at 3) and omits some of the more frivolous allegations, it does not materially differ from the original (and deficient) claims.  The amended complaint repeats vague allegations regarding the loss of $245 and again invokes the False Claims Act improperly.  Plaintiff adds an allegation

that she was "beaten" by a boxer named Frajman, but she does not identify Frajman as a defendant or otherwise satisfy the pleading requirements of Rule 8(a) with respect to this potential but seemingly unrelated claim.[2] *See id.* at 3.  For these reasons, the amended complaint must be dismissed for failure to state a claim upon which relief could be granted.

The court has afforded plaintiff a chance to amend her complaint, yet she is unable to state a claim upon which relief could be granted.  Consequently, it declines to offer her further opportunity to amend.  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (futility of amendment and previous opportunities to amend are factors to assess in weighing the propriety of granting leave to amend).

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 13) be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 9, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court's original screening order warned against changing "the nature of this suit by alleging new, unrelated claims" in an amended complaint. *See* ECF No. 11 at 4 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).